**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:18-cv-_____

JANICE KEEHN and DEBRA SONKSEN,

    Plaintiffs,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

    Defendant.

## NOTICE OF REMOVAL

Defendant State Farm Mutual Automobile Insurance Company (State Farm), by and through its counsel, Sheryl L. Anderson and Andrew K. Lavin of Wells, Anderson & Race, LLC, and pursuant to 28 U.S.C. §§ 1332, 1367, 1441, and 1446, respectfully files this Notice of Removal of the above action from the District Court, City and County of Denver, State of Colorado, to the United States District Court for the District of Colorado. As grounds for removal, Defendant states as follows:

### I. INTRODUCTION

1.    On April 19, 2018, Plaintiffs commenced an action against State Farm in the District Court, City and County of Denver, Colorado, entitled *Janice Keehn and Debra Sonksen v. State Farm Mutual Automobile Insurance Company*, Case No. 2018CV31402. *See* **Ex. A**,

Plaintiffs' Complaint. Plaintiffs asserted that they are residents of Colorado. *See id.* at ¶¶ 1-2. Plaintiffs served Defendant with the Complaint on April 24, 2018. *See* **Ex. B**, Affidavit of Service.[1]

2. Defendant's Notice of Removal is filed within the time limits of 28 U.S.C. § 1446(b)(3) as it is filed within thirty days of service of process, which is May 24, 2018.

3. This is an action in which the district courts of the United States have original jurisdiction under 28 U.S.C. § 1332, because diversity of citizenship exists between the Plaintiffs and Defendant, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Pursuant to 28 U.S.C. §1441, the United States District Court for the District of Colorado is the appropriate court for filing a Notice of Removal from the District Court, City and County of Denver, Colorado, where this action is pending, as the Amended Complaint concerns a motor vehicle accident that occurred in Colorado.

## II. DIVERSITY OF CITIZENSHIP

4. Plaintiffs are citizens of Colorado. *See* Ex. A, Compl. ¶¶ 1-2. Defendant is an Illinois corporation with its principal place of business in Illinois. *See* **Ex. C**, Corporate Disclosure Statement; **Ex. D**, Certificate of Good Standing from the Office of the Secretary of State, State of Colorado, indicating that Defendant is an Illinois corporation; and **Ex. E**, Restated Articles of Incorporation of State Farm Mutual Automobile Insurance Company, stating that Defendant's principal place of business is in Illinois. Defendant State Farm is thus a citizen of Illinois. *See* 28 U.S.C. § 1332(c)(1). Therefore, complete diversity of citizenship exists between the Plaintiffs and Defendant.

---

[1] The affidavit of service erroneously states it was served in 2017. This was clearly a clerical error as the affidavit was subscribed and sworn before a notary on April 24, 2018.

### III. AMOUNT IN CONTROVERSY

5. Diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) is proper because Janice Keehn seeks a monetary judgment in excess of the $75,000 minimum amount in controversy requirement. Because Debra Sonksen's claim arise in the same matter, supplemental jurisdiction pursuant to 28 U.S.C. § 1367 is appropriate.

6. "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). A civil cover sheet filed in State Court in which a plaintiff asserts that more than $75,000 is in issue is an "initial pleading" or "other paper" under § 1446(b)(3) which is evidence of the amount in controversy. *Paros Properties LLC v. Colorado Cas. Ins. Co.*, 835 F.3d 1264, 1272 (10th Cir. 2016).

7. The amount in controversy must be determined by the allegations of the complaint or, where they are not dispositive, by the allegations in the Notice of Removal. *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995); *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001). In determining the amount in controversy, a court may look to the object sought to be accomplished by the plaintiff's complaint. *Ronzio v. Denver & R.G.W.R. Co.*, 116 F.2d 604, 606 (10th Cir. 1940). "The test for determining the amount in controversy is the pecuniary result to either party which the judgment would produce." *Id.; see also McPhail v. Deere & Co.*, 529 F.3d 947, 954 (10th Cir. 2008) (the sum for the amount in controversy can be either the value of what plaintiff seeks or what defendant may lose).

8. Courts should apply the same liberal rules to removal that are applied to other matters of pleading. *Dart Cherokee Basin Operating, Co. v. Owens,* 135 S. Ct. 547, 553 (2014).

"When a defendant seeks federal adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id.* Furthermore, a defendant's Notice of Removal need only include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 554.

9. The defendant is not required to prove the legal conclusion that the statutory amount is in fact in controversy or that the plaintiff will in fact recover that amount. *McPhail*, 529 F.3d at 955-56. "The amount in controversy is not proof of the amount that the plaintiff will recover but rather is an estimate of the amount that will be put at issue in the course of litigation." *Id.* at 956.

10. Once a defendant establishes contested facts which support the requisite amount in controversy, a defendant is entitled to remain in federal court unless it is "legally certain that less than $75,000 is at stake. If the amount is uncertain then there is a potential controversy, which is to say that at least $75,000 is in controversy in the case." *McPhail*, 529 F.3d at 954.

11. Attorney fees can be included in determining the amount in controversy if the underlying state law on which one or more of the plaintiff's claims is based permits an award of attorney fees. *See Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998) (citing *Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933)). Likewise, a Court should consider the two-times the covered benefit statutory penalty prescribed in C.R.S. § 10-3-1116 when a plaintiff alleges an extra-contractual claim pursuant to that statute. *See Washington v. Am. Family Mut. Ins. Co.*, No. 12-CV-02229-REB-KLM, 2013 WL 1412327, at *4 (D. Colo. Mar. 18, 2013), *report and recommendation adopted*, No. 12-CV-02229-REB-KLM, 2013 WL 1414241 (D. Colo. Apr. 8, 2013) (citing *Rabin v. Fidelity Nat. Property and Cas. Ins. Co.*, 863 F.Supp.2d 1107, 1110-1112 (D. Colo. 2012)).

12. When at least one named plaintiff in an action satisfies the amount-in-controversy requirement, 28 U.S.C. § 1367 authorizes supplemental jurisdiction over the claims of other plaintiffs in the same Article III case or controversy, even if those claims are for less than the jurisdictional amount specified in the statute setting forth the requirements for diversity jurisdiction. *See Exxon Mobil Corp. v. Allapattah Svcs., Inc.* 545 U.S. 546, 549 (2005).

13. This case arises from a motor vehicle accident that occurred in Colorado on July 15, 2016. *See* Ex. A, Compl. ¶¶ 7-12. Plaintiff Keehn claims that as a result of this accident, she has suffered injuries and damages, including economic and non-economic damages. *Id.* at ¶ 12, 29, 37, and 42. Plaintiff Sonksen claims that as a result of this accident, she has suffered non-economic damages. *Id. at* ¶¶ 13 and 43.

14. Plaintiffs are seeking Underinsured Motorist ("UIM") benefits under an insurance policy issued by State Farm. *Id.* at ¶¶ 16, 45-51, and 53-52. Plaintiffs allege that the State Farm policy has $100,000 limits. *See id.* at ¶¶ 16, 46. Plaintiffs allege that Ms. Keehn made a demand for $100,000 in contractual benefits three times. *See id*. at ¶¶ 19, 21, and 23. Plaintiffs allege that, at most, State Farm offered Ms. Keehn $2,000 to settle her claim. *See id.* at ¶ 24. Plaintiff rejected the offer and filed suit. *See id*. Consequently, pursuant to her breach of contract claim, Plaintiff Keehn is seeking $100,000.

15. In fact, in their Civil Cover Sheet, Plaintiffs indicate that the monetary judgment over $100,000 is sought by *any party against any other single party*. *See* **Ex. F**, Civil Cover Sheet. Either Ms. Keehn or Ms. Sonksen is seeking, or both are seeking, a monetary judgment over $100,000 against State Farm.

5

16. In addition to asserting their breach of contract claim, Plaintiffs claim that pursuant to C.R.S. §§10-3-1115 & -1116, they are entitled to two times the covered benefit, plus attorney fees and costs. *See id.* at ¶¶ 59-62. Presumably, Ms. Keehn claims the covered benefit is $100,000. Therefore, Plaintiff Keehn seeks an additional $200,000, attorneys' fees and costs through this claim.

17. Ms. Sonksen claims loss of consortium as a derivative claim that arises from the same motor vehicle accident. *See* Ex. A, ¶¶ 41-43. Ms. Sonksen also seeks statutory damages due to the same alleged claim handling by State Farm. *See supra* ¶ 16. Pursuant to 28 U.S.C. § 1367, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." *See id.* None of the exceptions delineated in subsection (b) or (c) of 28 U.S.C. §1367 are applicable and, therefore, declination of supplemental jurisdiction would be improper. *See generally Harman v. The Vail Corporation*, CIVA 07CV00193CMABNB, 2009 WL 2514073 (D. Colo. Aug. 14, 2009)(citing *Exxon Mobil Corp v. Allapattah Services, Inc.*, 545 U.S. 546, 553 (2005)). Ms. Sonksen has not identified a monetary value for the claimed damages, but due to the relatedness of her claims, supplemental jurisdiction is proper.

18. Ms. Keehn seeks entitlement to well over the $75,000 jurisdictional threshold. Ms. Sonksen's claims are pursued in the same matter and supplemental jurisdiction is appropriate for her claims. The amount in controversy exceeds the jurisdictional threshold.

## IV. CONCLUSION

19.     Given the amount of damages Ms. Keehn seeks from Defendant, Defendant has shown the existence of facts by a preponderance of the evidence which, if true, demonstrate that the amount in controversy in this case exceeds the $75,000 jurisdictional threshold.  Supplemental jurisdiction is appropriate for Ms. Sonksen's claim, which is pursued in the same matter and concerns the same motor vehicle accident and policy of insurance.

20.     Pursuant to 28 U.S.C. § 1446(a), and D.C.COLO.LCivR 81.1, copies of the current docket sheet and of all pleadings, process, and orders in the State Court case file of which Defendant is aware will be filed contemporaneously with this Notice. There are no pending motions or hearings set in the State Court action.

21.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be filed with the Clerk of the District Court, City and County of Denver, Colorado, and a copy has been served on Plaintiffs, as indicated on the attached Certificate of Service.

22.     State Farm states that no waiver and no admission of fact, law, or liability, including without limitation, the amount of damages, if any, is intended by this Notice of Removal, and all defenses, affirmative defenses, and rights are hereby reserved.

WHEREFORE, Defendant State Farm Mutual Automobile Insurance Company hereby removes this action from the District Court, City and County of Denver, State of Colorado, to the United States District Court for the District of Colorado.

Dated this 24th day of May, 2018.

Respectfully submitted,

**WELLS, ANDERSON & RACE, LLC**

*By:* *S/Sheryl L. Anderson*
Sheryl L. Anderson
Andrew K. Lavin
1700 Broadway, Suite 1020
Denver, CO 80290
Telephone: (303) 830-1212
Email: sanderson@warllc.com
dlavin@warllc.com

*Attorneys for Defendant*

[Original Signature on File at the Office of
Wells, Anderson & Race, LLC]

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of May 2018, a true and correct copy of the foregoing **NOTICE OF REMOVAL** was filed with the Court and forwarded by U.S. First Class Mail, postage pre-paid, and addressed as follows:

Steven A. Shapiro
Amanda R. Pfeil
Shapiro Winthers & McGraw P.C.
2000 South Colorado Blvd.
Tower One, Suite 9000
Denver, Colorado 80222

*S/Alana Gray*
Alana Gray, Legal Assistant
[Original Signature on File at the Office of
Wells, Anderson & Race, LLC]