**EXHIBIT A**

DATE FILED: April 19, 2018 4:31 PM
FILING ID: 6C8E97E0EC107
CASE NUMBER: 2018CV31402

| | |
|---|---|
| DISTRICT COURT, CITY AND COUNTY OF DENVER, COLORADO<br>1437 Bannock Street<br>Denver, Colorado 80202<br>Telephone: 720-865-8301 | |
| **Plaintiffs:** JANICE KEEHN and DEBRA SONKSEN<br><br>v.<br><br>**Defendant:** STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY | ▲ Court Use Only ▲ |
| **Attorneys for Plaintiffs:**<br>Steven A. Shapiro, #12928<br>Amanda R. Pfeil, #41287<br>Shapiro Winthers & McGraw P.C.<br>2000 South Colorado Boulevard<br>Tower One, Suite 9000<br>Denver, Colorado 80222<br>Telephone: 303-861-1000<br>Facsimile: 30-894-0857<br>Email: sshapiro@colorado-law.net; apfeil@colorado-law.net | Case No:<br><br>Division: |
| **CIVIL COMPLAINT AND JURY DEMAND** | |

COMES NOW, the Plaintiffs Janice Keehn and Debra Sonksen (collectively, "Plaintiffs"), by and through their attorneys, Shapiro Winthers & McGraw P.C., and as their Civil Complaint and Jury Demand against Defendant State Farm Mutual Automobile Insurance Company (hereinafter "State Farm"), allege and aver as follows:

### GENERAL ALLEGATIONS

1. At all times material to this Complaint, Plaintiff Janice Keehn was a resident of El Paso County, State of Colorado, with a permanent residential address of 14875 Handle Road, Colorado Springs, CO 80930.

2. At all times material to this Complaint, Plaintiff Debra Sonksen was a resident of El Paso County, State of Colorado, with a permanent residential address of 14875 Handle Road, Colorado Springs, CO 80930.

1

**EXHIBIT A**

3. Upon information and belief, at all times relevant to this action, Michelle Garlin was a resident of the State of Colorado and was the operator of an underinsured motor vehicle involved in the subject collision described below.

4. Upon information and belief, at all times relevant to this action, Defendant State Farm was a Corporation licensed to do business in the State of Colorado, with the office of its registered agent, Corporation Service Company, located at 1560 Broadway, Suite 2090, Denver, CO 80202.

5. Venue is proper in the District Court of the City and County of Denver, State of Colorado, pursuant to C.R.C.P. 98(c) as Defendant State Farm's registered agent is located in the City and County of Denver, State of Colorado.

**FACTUAL ALLEGATIONS**

6. Plaintiffs incorporate herein by this reference the allegations contained in Paragraphs 1 through 5 of this Complaint as if set forth *verbatim*.

7. On or about July 15, 2016, at approximately 9:34 a.m., Plaintiff Janice Keehn was the restrained owner/operator of a 1998 Toyota Camry (hereinafter "1998 Camry"), travelling on westbound Highway 24 about halfway between Space Village Drive and Marksheffel Road and was slowing down due to the red signal at Marksheffel Road.

8. On or about July 15, 2016, Michelle Garlin was the owner/operator of a 2002 Jeep Liberty (hereinafter "2002 Jeep"), travelling on westbound Highway 24 about halfway between Space Village Drive and Marksheffel Road behind Plaintiff Janice Keehn.

9. Upon information and belief, at or about the aforementioned date and time, Michelle Garlin operated her 2002 Jeep in a negligent and/or careless manner to collide with the rear of Plaintiff Janice Keehn's 1998 Camry causing the 1998 Camry to push into the rear-end of a third vehicle, a 2006 Ford E-250 owned/operated by Dwayne Moore (hereinafter "subject collision").

10. The subject collision was a direct and proximate result of the negligence, careless, and reckless conduct of Michelle Garlin. Because Michelle Garlin was an underinsured motorist at the time of the subject collision, her negligence is imputed to Defendant State Farm.

11. Plaintiff Janice Keehn was not comparatively negligence in causing the subject collision or any of the damages claimed in this action.

12. As to the direct and proximate result of the subject collision, Plaintiff Janice Keehn has incurred and suffered injuries, damages, and losses, including but not limited to:

    a. Past, present, and future general, neurological, and musculoskeletal injuries;

**EXHIBIT A**

    b. Past, present, and future economic expenses, losses, and damages, including, but not limited to, past and future medical, hospital, pharmaceutical, rehabilitation, and related expenses, loss of earnings, and impairment of earning capacity;

    c. Past, present, and future non-economic damages including, but not limited to, pain and suffering, loss of enjoyment of life, inconvenience, emotional distress, and impairment of quality of life; and

    d. Physical impairment and permanent disability.

13. As a direct and proximate result of the subject collision, Plaintiff Debra Sonksen has suffered in the past and will continue to suffer in the future non-economic damages as described more fully below.

14. At the time of the subject collision, Michelle Garlin, the at fault driver, had an underlying bodily injury insurance policy, which provided bodily injury liability limits of $25,000 (hereinafter "Garlin Policy").

15. At the time of the subject collision, Plaintiff Janice Keehn had an automobile insurance policy, which provided underinsured motorist coverage of $100,000 (hereinafter "Keehn Policy"). The Keehn Policy provided primary underinsured motorist coverage.

16. At the time of the subject collision, Plaintiff Debra Sonksen had automobile insurance policy with Defendant State Farm (policy number 344850206K), which provided underinsured motorist coverage of $100,000 (hereinafter "Defendant State Farm Policy"). Plaintiff Janice Keehn was an insured under this policy.

17. A policy limits settlement offer was made under the Garlin Policy to Plaintiff Janice Keehn. Permission to settle the claim for the policy limits was granted by Defendant State Farm. Following permission to settle being granted by Defendant State Farm, Plaintiff Janice Keehn accepted the settlement and signed a release for liability claims.

18. A policy limits settlement offer was made under the Keehn Policy for underinsured motorist coverage, which was accepted by Plaintiff Janice Keehn.

19. On July 14, 2017, Plaintiff Janice Keehn requested a policy limits settlement of $100,000 under the Defendant State Farm Policy and provided evidence that her damages were in excess of all available policies covering this collision.

20. On July 28, 2017, Defendant State Farm denied Plaintiff Janice Keehn's request for policy limit settlement and offered a $0.00 response to her request stating that her losses were within the combined limits of the Garlin Policy and the Keehn Policy.

3

**EXHIBIT A**

21. On September 1, 2017, Plaintiff Janice Keehn provided to Defendant State Farm additional medical bills, evidencing that her past medical bills totaled $65,803.06, advised Defendant State Farm that she had accepted the $100,000 policy limits offer in settlement of her first underinsured motorist claim under the Keehn Policy, and again requested settlement of the available Defendant State Farm Policy limits of $100,000.

22. On September 8, 2017, Defendant State Farm again denied Plaintiff Janice Keehn's request for policy limit settlement and stated that Plaintiff Janice Keehn was fairly compensated from the two prior settlements.

23. On February 15, 2018, Plaintiff Janice Keehn provided to Defendant State Farm additional medical bills and medical records for her ongoing treatment needs, evidencing that her past medical bills now totaled, $87,525.06. She pointed out that the addition of the $100,000 policy limits with State Farm is insufficient to fully compensate her injuries, damages, and losses in the subject collision, including her past medical expenses, future medical expenses, physical impairment, and non-economic damages, which total well-in-excess of $225,000. With the new information provided, Plaintiff Janice Keehn again requested settlement of the available Defendant State Farm Policy limits of $100,000.

24. On March 27, 2018, Defendant State Farm offered $2,000 in settlement of Plaintiff Janice Keehn's claims. This offer was rejected.

### FIRST CLAIM FOR RELIEF
**Negligence**

25. Plaintiffs incorporate herein by this reference the allegations contained in Paragraphs 1 through 24 of this Complaint, as if set forth *verbatim*.

26. Michelle Garlin owed Plaintiff Janice Keehn a duty to exercise reasonable care in the operation of the 2002 Jeep she was driving at the time, date, and place aforementioned.

27. Michelle Garlin breached her above-mentioned duty of care by operating her 2002 Jeep in a negligent, careless, and/or reckless manner without regard to all attendant circumstances.

28. As a direct and proximate result of Michelle Garlin's negligence, Plaintiff Janice Keehn suffered injuries, damages, and losses as more fully described above at paragraph 12 of this Complaint, which is incorporated by reference herein.

29. As a direct and proximate result of Michelle Garlin's negligence, Plaintiff Debra Sonksen has suffered in the past and will continue to suffer in the future non-economic damages as more fully described below.

30. The damages sustained by Plaintiffs exceed the value of the per person policy limit covering the at-fault driver, Michelle Garlin.

31. Therefore, the negligence of Michelle Garlin is imputed to Defendant State Farm in that the value of Plaintiffs' claims that are in excess of Michelle Garlin's policy limits and the Keehn Policy limits, is contractually owed to Plaintiffs under the policy of insurance with Defendant State Farm.

WHEREFORE, Plaintiffs respectfully request that his Court grant the relief requested as more fully stated below.

## SECOND CLAIM FOR RELIEF
### Negligence Per Se

32. Plaintiffs incorporate herein by this reference the allegations set forth with specificity in Paragraphs 1 through 31 of this Complaint, as if set forth *verbatim*.

33. When Michelle Garlin operated her 2002 Jeep in such a manner as to cause the collision with 1998 Camry being operated by Plaintiff Janice Keehn, at the time, date, and place aforementioned, Michelle Garlin was in violation of applicable statutes of the State of Colorado, including but not limited to C.R.S. §§ 42-4-1402 and 42-4-1008.

34. Plaintiffs are members of the class for whose protection the above-mentioned statutes were enacted.

35. The subject collision and the injuries, damages, and losses that Plaintiffs suffered as a result of that collision are the kinds of injuries, damages, and losses sought to be prevented by the passage of the above-mentioned statutes.

36. As a direct and proximate result of Michelle Garlin's violations of the above-mentioned statutes, Plaintiff Janice Keehn suffered injuries, damages, and losses as more fully described above at paragraph 12 of this Complaint, which is incorporated by reference herein.

37. As a direct and proximate result of Michelle Garlin's violations of the above-mentioned statutes, Plaintiff Debra Sonksen has suffered in the past and will continue to suffer in the future non-economic damages as more fully described below.

38. The damages sustained by Plaintiffs exceed the value of the per person policy limit covering the at-fault driver, Michelle Garlin.

39. Therefore, the negligence of Michelle Garlin is imputed to Defendant State Farm in that the value of Plaintiffs' claims that are in excess of Michelle Garlin's policy limits and the Keehn Policy limits, is contractually owed to Plaintiffs under the policy of insurance with Defendant State Farm.

WHEREFORE, Plaintiffs respectfully request that his Court grant the relief requested as more fully stated below.

### THIRD CLAIM FOR RELIEF
### (Loss of Consortium)

40. Plaintiffs incorporate herein by this reference the allegations contained in Paragraphs 1 through 39 of this Complaint as if set forth *verbatim*.

41. At all times pertinent hereto, Plaintiffs were in a civil union.

42. As a direct and proximate result of Michelle Garlin's above-described failures and negligence, Plaintiff Janice Keehn suffered injuries, damages, and losses as more fully described above at paragraph 12 of this Complaint, which is incorporated by reference herein.

43. Plaintiff Debra Sonksen suffered non-economic damages as a direct and proximate result of the injuries, damages, and losses suffered by her partner, Plaintiff Janice Keehn, in the form of loss of society and companionship, comfort of her injured spouse, and loss of consortium.

WHEREFORE, Plaintiffs respectfully request that his Court grant the relief requested as more fully stated below.

### FOURTH CLAIM FOR RELIEF
### (Uninsured/Underinsured Motorist)

44. Plaintiffs incorporate herein by this reference the allegations contained in Paragraphs 1 through 43 of this Complaint as if set forth *verbatim*.

45. At the time of the subject collision, Plaintiffs were insured with underinsured motorist coverage with Defendant State Farm under the Defendant State Farm Policy, which provides that Defendant State Farm will pay for damages and bodily injuries sustained by Plaintiffs when they are injured by a negligent underinsured driver.

46. Defendant State Farm acknowledged that its policy was applicable to the subject collision and that coverage was in the amount of $100,000.

47. At the time of this collision, Michelle Garlin was underinsured for purposes of underinsured motorist coverage owed to Plaintiffs under the terms of the applicable Defendant State Farm Policy.

48. Plaintiffs have satisfied all conditions precedent under the Defendant State Farm Policy and are eligible to recover underinsured motorist coverage under said policy.

**EXHIBIT A**

49. There exists a dispute regarding the underinsured motorist coverage owed; therefore, Plaintiffs are required to institute this court action to resolve their claim for coverage under said policies.

50. Defendant State Farm has unreasonably failed and refused to pay to Plaintiffs the amounts owed to them under the terms of the Defendant State Farm Policy to fully compensate Plaintiffs for their injuries.

51. Defendant State Farm is liable for Plaintiffs' injuries and damages as set forth above.

WHEREFORE, Plaintiffs respectfully request that his Court grant the relief requested as more fully stated below.

### FIFTH CLAIM FOR RELIEF
(Breach of Contract by Defendant State Farm)

52. Plaintiffs incorporate herein by this reference the allegations contained in Paragraphs 1 through 51 of this Complaint as if set forth *verbatim*.

53. When Plaintiffs suffered injuries, damages, and losses as described above, the Defendant State Farm Policy was in full force and effect.

54. Defendant State Farm failed to offer the applicable policy limits and thereby unreasonably denied benefits based upon all documentation regarding the claim and disregarded the preponderance of the evidence supporting Plaintiffs' damages.

55. Defendant State Farm breached its contractual duty owed to Plaintiffs by not issuing payment to Plaintiffs for the policy limits from the automobile policy in a timely fashion despite Defendant State Farm being in possession of evidence that sufficiently documents that the value of Plaintiffs' claims exceeds all available policy limits.

56. Plaintiff Janice Keehn has suffered economic damages and/or losses as a direct and proximate result of the breach by Defendant State Farm. Plaintiff Janice Keehn's damages have been exacerbated by the breach of contract by Defendant State Farm.

57. Plaintiffs have suffered non-economic damages, and/or losses as a direct and proximate result of the breach by Defendant State Farm. Plaintiffs' damages have been exacerbated by the breach of contract by Defendant State Farm in the form of denial of claims.

WHEREFORE, Plaintiffs respectfully request that his Court grant the relief requested as more fully stated below.

## SIXTH CLAIM FOR RELIEF
(C.R.S. § 10-3-1115 and §10-3-1116)

58. Plaintiffs incorporate herein by this reference the allegations contained in Paragraphs 1 through 57 of this Complaint as if set forth *verbatim*.

59. Defendant State Farm's delay and denial of Plaintiffs' claim for underinsured motorist coverage under the Defendant State Farm Policy was and is unreasonable in violation of C.R.S. §§ 10-3-1115 and 10-3-1116.

60. Pursuant to § 10-3-1116, Plaintiffs are entitled to recover attorney fees and costs and twice the covered benefit, and any other damages found by the Court pursuant to §§10-3-1115 and 10-3-1116, from Defendant State Farm for the unreasonable delay of payment of claims made by Plaintiffs for underinsured motorist benefits.

61. Plaintiff Janice Keehn has suffered economic damages and/or losses as a direct and proximate result of the actions and inactions of Defendant State Farm. Plaintiff Janice Keehn's damages have been exacerbated by Defendant State Farm in the form of delay and denial of claims in an amount to be determined by the jury.

62. Plaintiffs have suffered non-economic damages and/or losses as a direct and proximate result of the actions and inactions of Defendant State Farm. Plaintiffs' damages have been exacerbated by Defendant State Farm in the form of delay and denial of claims in an amount to be determined by the jury.

WHEREFORE, Plaintiffs respectfully request that his Court grant the relief requested as more fully stated below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that this Court enter an Order of Judgment in favor of Plaintiffs and against Defendant State Farm in an amount to be determined at trial, plus interest as allowed by Colorado law, for costs, expert witness fees, and all other items allowed by statute or rule, and for such other and further relief as the Court deems just and proper under the circumstances.

**PLAINTIFFS DEMAND A TRIAL TO A JURY OF SIX (6) PEOPLE.**

**EXHIBIT A**

Dated: April 19, 2018

                                            Respectfully submitted,
                                            SHAPIRO WINTHERS & McGRAW P.C.

                                            s/ Amanda R. Pfeil
                                            Steven A. Shapiro, #
                                            Amanda R. Pfeil, # 41287
                                            *Attorneys for Plaintiffs*
                                            *Duly Executed signature on file at the Office of*
                                            *Shapiro Winthers & McGraw P.C.*

Plaintiffs' Address:
14875 Handle Road
Colorado Springs, CO 80930